UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANTHONY ROBERTSON, <br> Plaintiff, <br> v. <br> I SOLOMON, et al., <br> Defendants. | Case No. 20-cv-01560-SI <br><br> **ORDER OF DISMISSAL** <br> Re: Dkt. No. 1 |

William Anthony Robertson, an inmate at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He alleges in his complaint that members of the San Francisco Public Defender's Office are not representing him properly.

A district court must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

State court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering

1  pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981); *cf. Vermont v. Brillon*, 556 U.S. 81, 84 (2009) (state court erred in ranking assigned counsel essentially as state actors for purposes of evaluating speedy trial claim).  Although the government may pay for the attorney appointed to represent the criminal defendant, the attorney's unique role leads to him or her being considered a private actor rather than a government actor.  "In our system a defense lawyer characteristically opposes the designated representatives of the State.  The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness.  But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.'  This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed."  *Polk County*, 454 U.S. at 318–19.

The complaint alleges that Robertson's public defenders failed to marshal available evidence and did not tell the truth at *Marsden* hearings.  The allegations that Robertson's public defenders are providing ineffective assistance in the criminal case against him by failing to marshal available evidence and failing to tell the truth to the judge at *Marsden* hearings fail to state a claim under § 1983 because the public defenders were not acting under color of state law in doing so.  *See Polk County*, 454 U.S. at 318-19.

The complaint also alleges that Robertson's public defender failed to mark an envelope containing crime scene photos as legal mail, which resulted in the envelope being opened at the jail. This conduct likely would not be covered by the *Polk County* rule, but nonetheless a claim is not stated because the conduct is negligent preparation of an envelope at most, and therefore is not actionable under § 1983.  *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process").

The complaint also names the San Francisco Office of the Public Defender, apparently on a theory that it is responsible for its workers.  However, there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an

2

employee. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted. Leave to amend is not granted because the defects in the several claims are not curable by amendment.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated:  May 11, 2020

_____
SUSAN ILLSTON
United States District Judge